CHIEF JUSTICE TURNAGE,
dissenting.
I respectfully dissent.
The sole issue on appeal is whether there is error in the introduction of evidence of other crimes, wrongs or acts.
The majority finds error in a failure to satisfy the third requirement of State v. Just (1979), 184 Mont. 262, 602 P.2d 957, in that the acts at issue do not tend toward establishing a common scheme, plan or system.
I believe the record sufficiently satisfies this requirement of Just, the evidence tends to establish a common system or scheme of the defendant. Under Rule 404(b) the evidence does establish the defendant’s opportunity, motive and intent. Further, the language of Rule 404(b), M.R.Evid., provides a basis for sustaining the introduction of the evidence at issue. The rule provides that such evidence may be admissible for other purposes, such as proof of motive, op *511 portunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
It first should be noted that the evidence relating to the incident of October 11, 1988, was introduced by the defendant on direct examination and not by the prosecution. This incident did not involve a violent act on the part of the defendant.
The other three incidents, August 12, 1988, September 5, 1988, and September 6, 1988, as well as the crime for which the defendant was convicted and now appeals, all involved opportunity, intent, motive or scheme of the defendant to violently attack an arresting officer upon being placed under arrest.
THE INCIDENT OF AUGUST 12, 1988
At trial, Officer Pallas testified in substance: A citizen called the police department in Dillon and reported that someone had driven a vehicle into a telephone pole. In response, Officer Pallas found the defendant intoxicated in the automobile that defendant had driven into a telephone pole. The car was severely damaged. Defendant was trying to get the car to run so he could proceed on his way. The defendant’s face had hit the steering wheel or the windshield and he was bloodied. The officer, being concerned about defendant’s physical condition, called for an ambulance. Then the fun began. The defendant, obviously intoxicated, fought with both the officer and the ambulance crew. When the defendant was advised that he was under arrest, he said, “I ain’t going nowhere with you, you -— pigs.” The defendant kicked the officer in the chest and fought with the ambulance crew and the officer until they finally transported him to the hospital for examination.
THE INCIDENT OF SEPTEMBER 5 AND 6, 1988
Officer Reeder, Beaverhead County sheriff’s department, testified to the following.
At approximately 11:00 p.m. on September 5, 1988, a call came to the sheriff’s office from the manager of Kentucky Fried Chicken who reported that a man was sleeping in her vehicle.
When Officer Reeder arrived he found the defendant either asleep or passed out in the manager’s vehicle. The officer had difficulty in arousing the defendant. When he did arouse him and identified himself as a sheriff’s officer, the defendant told him to “go get __” The sheriff’s deputy had to struggle with the defendant to get him out of the vehicle. When he did get him out and advised *512 him he was under arrest, the defendant struck the officer in the testicles. After more struggling, the defendant was finally subdued. He fought all the way to the jail. At the jail it took four officers to place him in a padded cell where he would presumably not injure himself.
The transcript is full of interesting statements about defendant’s profanity and his spitting in the faces of officers.
I believe the record clearly indicates that the evidence of defendant’s other prior crimes, wrongs or acts tends to prove the defendant did have opportunity, intent, motive, or common scheme when he was arrested, when he was full of strong drink, to fight and resist the arresting officers right to the jail or hospital.
I believe Rule 404(b), M.R.Evid. and the Just standards have been met. In this case the defendant was convicted of assaulting a law enforcement officer. The evidence introduced by the prosecution in three of the above incidents clearly established that the defendant used the opportunity of arrest to assault the law enforcement officer or officers involved. The evidence of defendant’s conduct was probative and did establish opportunity, intent, motive or common scheme.
It would be a different matter if the evidence was introduced to only prove that in defendant’s character there abides dislike of law enforcement officers. Such is not the facts in this case where such dislike escalates into violent assault.
I would affirm.